[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: COLLATERAL SOURCE REDUCTION VERDICT
In the specific and uncontested facts this case presents in the collateral source, § 52-225a context, the defendant is entitled to a reduction of plaintiff's jury verdict in the full face amount of medical bills plaintiff presented to the jury. Plaintiff urges that only the amount the doctor was contractually bound to accept from plaintiff's HMO CT Page 8120 is to be deducted.
The jury awarded the entirety of said bills to plaintiff. The involved health care provider(s) were bound by contract with an HMO to accept as full and final payment a lesser amount, dictated by the HMO, where no further potential for additional recovery by the treater against plaintiff exists.
Plaintiff's claim that the court should deduct only the smaller amount runs afoul of the legislative intent of the statutory scheme. Said scheme contains, as a linchpin, principles prohibiting double recovery. See, e.g., Haynes v. Yale-New Haven Hospital, 243 Conn. 17 (1997) and Mack v.LaValley, 55 Conn. App. 150 (1999).
In a certain sense, it is difficult to analogize these events to the prohibited "double recovery." Indeed, it is worse, for plaintiff's position would result in an award entirely without foundation, i.e., reimbursement for costs never-incurred.
Having so stated, it is probably still appropriate to permit a plaintiff to set before the jury the amount the treater originally billed, for it may indirectly serve as a yardstick as to measure harm endured.
This decision does not purport to embrace circumstances wherein a patient was vulnerable to a collection effort by the treater to recover the balance beyond what the HMO "allowed." Further outside the purview of this determination is a situation in which a plaintiff achieves a post-verdict compromise with his doctor, as might occur in certain "low" verdict occurrences.
Because the parties are in complete agreement as to the dollar amounts at hand on this topic, the court has deemed it sufficient to address the topic without them, and expects a stipulation as to judgment, or at least this facet.
The Court
 By Nadeau, J.